**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

CHARLES N. DORNFEST, Individually
and on Behalf of All Others Similarly Situated,

                    Plaintiff,

      v.

BANK OF AMERICA CORPORATION,
MERRILL LYNCH & CO., INC., KENNETH D.
LEWIS, JOE L. PRICE, NEIL A. COTTY, JOHN A.
THAIN, WILLIAM BARNET III, FRANK P.
BRAMBLE, SR., JOHN T. COLLINS, GARY L.
COUNTRYMAN, TOMMY R. FRANKS, CHARLES
K. GIFFORD, MONICA C. LOZANO, WALTER E.
MASSEY, THOMAS J. MAY, PATRICIA E.
MITCHELL, THOMAS M. RYAN, O. TEMPLE
SLOAN, JR., MEREDITH R. SPANGLER, ROBERT
L. TILLMAN and JACKIE M. WARD,

                    Defendants.

Civil Action No. 10 Civ. 275 (DC)

ECF CASE

------------------------------------------------------------------ x

------------------------------------------------------------------ x

KENNETH A. CIULLO and JOANNA CIULLO as
JTWROS,

                    Plaintiffs,

v.

BANK OF AMERICA CORPORATION,
MERRILL LYNCH & CO., INC., KENNETH D.
LEWIS, JOHN A. THAIN, JOE L. PRICE and NEIL
A. COTTY,

                    Defendants.

Civil Action No. 10 Civ. 1673 (DC)

ECF CASE

------------------------------------------------------------------ x

**MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTIONS FOR**
**(1) APPOINTMENT AS LEAD PLAINTIFFS, (2) DESIGNATION OF LEAD**
**PLAINTIFFS' COUNSEL AND/OR (3) OTHER RELIEF**

Mitchell A. Lowenthal
Lewis J. Liman
CLEARY GOTTLIEB STEEN &
    HAMILTON LLP
One Liberty Plaza
New York, NY  10006
 (212) 225-2000

Peter C. Hein
Eric M. Roth
Andrew C. Houston
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
(212) 403-1000

*Attorneys for Bank of America Corporation,*
*Kenneth D. Lewis, Joe L. Price, Neil A. Cotty,*
*William Barnet III, Frank P. Bramble, John T.*
*Collins, Gary L. Countryman, Tommy R. Franks,*
*Charles K. Gifford, Monica C. Lozano, Walter E.*
*Massey, Thomas J. May, Patricia E. Mitchell,*
*Thomas M. Ryan, O. Temple Sloan, Meredith R.*
*Spangler, Robert L. Tillman and Jackie M. Ward*

Dated:  March 29, 2010

Bank of America Corporation (the "Bank"), Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward (collectively, the "Bank Defendants") respectfully submit this response to:

- the memorandum of law filed in *Dornfest* v. *Bank of America Corporation, et al.*, No. 10-CV-275-DC (S.D.N.Y.) (the "*Dornfest* Action"), on behalf of Charles N. Dornfest, in support of his motion seeking (1) appointment as lead plaintiff in a putative class action and (2) designation of Bragar Wexler Eagel & Squire, P.C. as lead plaintiff's counsel; and

- the memorandum of law filed in *Ciullo* v. *Bank of America Corporation, et al.*, No. 10-CV-1673-DC (S.D.N.Y.) (the "*Ciullo* Action"), on behalf of Kenneth A. Ciullo and Joanna Ciullo, in support of their motion seeking (1) consolidation of the *Dornfest* and *Ciullo* Actions, (2) appointment as lead plaintiffs in a putative class action and (3) designation of Zwerling, Schachter & Zwerling, LLP as lead plaintiffs' counsel ("Ciullo Mem.").[1]

## I.   THE BANK DEFENDANTS SUPPORT CONSOLIDATION OF THE *DORNFEST* AND *CIULLO* ACTIONS WITH THE CONSOLIDATED SECURITIES ACTION CURRENTLY PENDING BEFORE THIS COURT.

The *Dornfest* and *Ciullo* Actions were commenced nearly a year after the first lawsuits challenging the disclosures related to the Bank's acquisition of Merrill Lynch & Co., Inc. ("Merrill") were filed in this Court.  On June 10, 2009, the Joint Panel on Multidistrict Litigation entered an order transferring multiple related actions filed around the country to this Court and directing that those actions be coordinated or consolidated for pretrial proceedings with the actions already pending in this district.  *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09-MDL-2058-DC, at 1-2 (S.D.N.Y.) (Docket No. 1).  On June 30, 2009, this Court issued an order consolidating the securities actions (the "Consolidated Securities Action"), appointing lead plaintiffs for the putative class ("Lead Plaintiffs"), approving Lead Plaintiffs' choice of counsel and mandating

---

[1]      Unlike the *Dornfest* Action, which asserts claims against each of the Bank Defendants, as well as Merrill and Thain, the *Ciullo* Action asserts claims against only the Bank, Merrill, Lewis, Price, Cotty and Thain.

that future cases raising common questions of law and fact filed in or transferred to this Court be consolidated with the Consolidated Securities Action.  *See In re Bank of Am.*, at 25 (Docket No. 2). On July 29, 2009, this Court issued a further order with respect to the Consolidated Securities Action indicating that "[e]ach new securities case that relates to or arises out of the subject matter of the Securities Actions . . . shall be consolidated with the Consolidated Securities Action."  *See In re Bank of Am.* ¶ 9 (Docket No. 15).

On January 13, 2010, the *Dornfest* Action was filed on behalf of a putative class of persons who invested in Bank options between September 15, 2008 and January 22, 2009.  Like the Consolidated Amended Class Action Complaint filed in the Consolidated Securities Action, Dornfest's complaint ("Dornfest Compl.") avers that, during the purported class period and in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, the Bank Defendants made certain false and misleading statements relating to the interim results of the Bank and Merrill, and Merrill's ability to pay bonuses to its employees before the Bank's acquisition of Merrill.  *See* Dornfest Compl. ¶¶ 170-218, 274-314.  On March 15, 2010, Dornfest moved for appointment as lead plaintiff and approval of his counsel as lead plaintiff's counsel.

The Ciullos' complaint ("Ciullo Compl."), which was filed on March 2, 2010, also asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 (*see* Ciullo Compl. ¶¶ 267-95) based on many of the same allegedly false and misleading statements upon which the *Dornfest* Action is predicated.  *Id.* ¶¶ 43-182.  The Ciullos, like Dornfest, purport to bring claims on behalf of persons who invested in Bank options between September 15, 2008 and January 22, 2009.  *Id.* ¶ 1.  On March 16, 2010, the Ciullos moved for consolidation of their action with the *Dornfest* Action, for appointment as lead plaintiffs and for approval of their counsel as lead plaintiffs' counsel.

In view of the overwhelming factual and legal similarities between the *Dornfest* Action and the Consolidated Securities Action, Lead Plaintiffs have asked the Court to consolidate the *Dornfest* Action with the Consolidated Securities Action pursuant to this Court's July 29, 2009 Order and to vacate the notice published by Dornfest's counsel pursuant to the Private Securities Litigation

Reform Act of 1995.  *See* Lead Plaintiffs' 1/19/10 Letter at 2; *see also* Lead Plaintiffs' 1/28/10

Letter at 3.

The Bank Defendants concur with Lead Plaintiffs' position that consolidation of the *Dornfest*

Action with the Consolidated Securities Action is warranted:  the *Dornfest* Action involves claims

that indisputably "arise[] out of the [same] subject matter" as the Consolidated Securities Action.  *In*

*re Bank of Am.* ¶ 9 (Docket No. 15).  Accordingly, the Bank Defendants support Lead Plaintiffs'

application for consolidation.  Furthermore, as the Ciullos acknowledge, the *Dornfest* and *Ciullo*

Actions "are substantially similar and arise from the same set of facts and [alleged] conduct," and

"name overlapping Defendants and both allege violations of the same statutes."  Ciullo Mem. 8-9.

Accordingly, consolidation of the *Ciullo* Action with the Consolidated Securities Action is equally

appropriate.

In sum, the *Dornfest* and *Ciullo* Actions should be consolidated with the Consolidated

Securities Action for all purposes.  Alternatively, *at a minimum*, the *Dornfest* and *Ciullo* Actions

should be consolidated for pretrial purposes.

**II.     THE COURT SHOULD DENY THE CIULLOS' REQUEST THAT A SEPARATE
ORDER CONSOLIDATING THE *DORNFEST* AND *CIULLO* ACTIONS AND
ESTABLISHING A NEW MASTER FILE AND DOCKET BE ENTERED.**

This Court's July 29, 2009 Order clearly provides for consolidation under Master File No.

09-2058 of "[e]ach new securities case that relates to or arises out of the subject matter of the

Securities Actions."  *See In re Bank of Am.* ¶ 9 (Docket No. 15).  Notwithstanding the clear

applicability of that Order, the Ciullos now ask this Court to enter a separate, in part duplicative,

order directing consolidation of the *Dornfest* and *Ciullo* Actions — as well as "[a]ny other actions

now pending or later filed in or transferred into this district that arise out of the same facts and

claims alleged" — and establishing a new master file and master docket.  *See* Proposed Order

Consolidating the Actions, Appointing Kenneth A. Ciullo and Joanna Ciullo as Lead Plaintiff and

Approving Lead Plaintiff's Choice of Lead Counsel ¶¶ 1-3.  In light of this Court's July 29, 2009

Order establishing a master file and docket, the portion of the Ciullos' proposed order seeking the

creation of *another* master file and docket is both unnecessary and likely to engender confusion.

Even if this Court permits the *Dornfest* and *Ciullo* Actions to proceed independently of the Consolidated Securities Action in some fashion, it should nevertheless consolidate the Actions under Master File No. 09-2058 for pretrial purposes, and order that the Actions be subject to the terms of this Court's July 29, 2009 Initial Case Management Order.  *See In re Bank of Am.* (Docket No. 18). Accordingly, this Court should deny the Ciullos' motion at least insofar as it seeks the creation of another master file and docket.

**III.    THE BANK DEFENDANTS TAKE NO POSITION AS TO WHETHER PLAINTIFFS SHOULD BE APPOINTED LEAD PLAINTIFFS OR WHETHER THEIR SELECTED COUNSEL SHOULD BE DESIGNATED LEAD PLAINTIFFS' COUNSEL.**

To the extent that the *Dornfest* and *Ciullo* Actions are not consolidated with the Consolidated Securities Action, the Bank Defendants take no position as to whom should be appointed lead plaintiff for the putative class or designated as class counsel.

At this stage of the litigation, a challenge pursuant to Rule 23 of the Federal Rules of Civil Procedure to the adequacy of representation, or typicality of the claims asserted, by a proposed lead plaintiff or to the appropriateness of class certification would be "premature."  *Yates* v. *Open Joint Stock Co. "Vimpel-Communications,"* 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005).  The Bank Defendants reserve their rights to assert such objections, as well as any arguments regarding the proper scope and definition of any proposed class and the duration of the class period, in response to any motion for class certification that is ultimately made.  *See*, *e.g.*, *Weinberg* v. *Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("[A] wide ranging analysis under Rule 23 is not appropriate [at the lead plaintiff appointment stage] and should be left for consideration of a motion for class certification." (quotation omitted)); *Koppel* v. *4987 Corp.*, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999) (acknowledging, in a decision appointing a lead plaintiff, defendants' reservation of "their rights to challenge plaintiff's adequacy as lead plaintiff when he moves for class certification;" the court's finding that plaintiff should be appointed lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

-5-

Although Plaintiffs have made certain assertions in their motion papers with respect to the underlying facts and merits of their claims, the Bank Defendants will not burden the Court with a response to those matters now.  However, the Bank Defendants dispute many of those assertions and will address them at the appropriate time.

*        *        *

The Bank Defendants have conferred with the other defendants named in this action, who have advised that they concur with the foregoing positions.

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By _____
    Mitchell A. Lowenthal
    Lewis J. Liman
    One Liberty Plaza
    New York, NY  10006
    (212) 225-2000
    Fax: (212) 225-3999
    Email:  mlowenthal@cgsh.com
    Email:  lliman@cgsh.com

WACHTELL, LIPTON, ROSEN & KATZ

By_____/s/  Peter C. Hein_____
    Peter C. Hein
    Eric M. Roth
    Andrew C. Houston
    51 West 52nd Street
    New York, NY  10019
    (212) 403-1000
    Fax: (212) 403-2000
    Email:  pchein@wlrk.com
    Email:  emroth@wlrk.com
    Email:  achouston@wlrk.com

*Attorneys for Bank of America Corporation, Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, William Barnet III, Frank P. Bramble, John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Meredith R. Spangler, Robert L. Tillman and Jackie M. Ward*

Dated:   New York, New York
         March 29, 2010