USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

IN RE BANK OF AMERICA CORP.                :
SECURITIES, DERIVATIVE AND
EMPLOYMENT RETIREMENT INCOME               :
SECURITY ACT (ERISA) LITIGATION
                                           :
- - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:                  :

ALL SECURITIES ACTIONS                     :

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

Master File
No. 09 MDL 2058 (DC)

**APPEARANCES:**   (See last page)

**CHIN, District Judge**

On June 30, 2009, the Court issued an opinion (the "Opinion") ordering, among other things, the consolidation of the Securities Actions, the appointment of the Public Pension Funds as lead plaintiffs for the Securities Actions, and the appointment of their lawyers as lead counsel for the Securities Actions. In re Bank of America Corp. Sec., Derivative, & ERISA Litig., 258 F.R.D. 260 (S.D.N.Y. June 30, 2009). The Public Pension Funds ("Lead Plaintiffs") brought claims on behalf of purchasers of Bank of America Corporation ("BoA") common stock or preferred securities -- but not purchasers of options or debt securities. The complaint alleged that BoA and other defendants made false and misleading statements in connection with the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill").

Several issues have arisen, which the Court now resolves as follows:

1.  **Additional Class Actions**

In the Opinion, the Court ruled that "[f]uture cases raising common questions of law and fact filed in this Court or transferred to this Court will also be consolidated into the appropriate consolidated [securities, derivative, or ERISA] case." 258 F.R.D. at 268.  In an order dated July 29, 2009, implementing the securities aspects of the Opinion (the "Consolidation Order"), the Court consolidated thirteen securities cases into the "Consolidated Securities Action" and ordered that:

> Each new securities case that relates to or arises out of the subject matter of the Securities Actions which is filed in, or transferred to, this Court, shall be consolidated with the Consolidated Securities Action, and this Order shall apply thereto, unless a party objects to consolidation, as provided herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

(Consolid. Order ¶ 9).

On December 22, 2009, the Iron Workers of Western Pennsylvania Pension Plan and MARTA/ATU Local 732 Employees Retirement Plan (the "Iron Workers plaintiffs") filed a class action complaint on behalf of holders of debt securities against BoA and other defendants for alleged misstatements and omissions in connection with BoA's merger with Merrill.  (No. 09 Civ. 10394).  On February 22, 2010, the Iron Workers plaintiffs filed

a motion for appointment as lead plaintiffs and the appointment of their attorneys as lead counsel.

On January 3, 2010, Charles Dornfest filed a class action complaint on behalf of options investors against BoA and other defendants for alleged misstatements and omissions in connection with BoA's merger with Merrill. (No. 10 Civ. 275). Dornfest moved for appointment to be lead plaintiff on March 15, 2010.

On March 2, 2010, Kenneth and Joanna Ciullo filed a complaint asserting the rights of options investors, based on the same facts and events surrounding the BoA merger with Merrill. (No. 10 Civ. 1673). On March 16, 2010, the Ciullos moved for consolidation with the Dornfest action only, and for appointment as lead plaintiffs.

Lead Plaintiffs oppose the motions, arguing that they are vested with the authority to decide what claims to assert against which defendants for what class period.

The Iron Workers plaintiffs, Dornfest, and the Ciullos point out that Lead Plaintiffs sue only on behalf of stock holders, and that Lead Plaintiffs have elected not to sue on behalf of options holders or bond holders. The question before the Court is whether these additional cases should be consolidated into the Consolidated Securities Actions, or whether the options and bond cases may proceed as separate class actions on a related but not consolidated basis with the Consolidated Securities Actions.

The motions of the Iron Workers plaintiffs, Dornfest, and the Ciullos are denied, and Iron Workers, Dornfest, and Ciullo are consolidated into the Consolidated Securities Actions. The requests for the appointment of additional lead plaintiffs and additional lead counsel are denied.

First, Iron Workers, Dornfest, and Ciullo arise out of the same facts and circumstances relating to BoA's acquisition of Merrill as are at issue in the Consolidated Securities Actions. The cases are substantially similar and, except perhaps with respect to damages, raise the same issues of fact and law. Hence, the three cases should be consolidated into the Consolidated Securities Actions.

Second, in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class. See Hevesi v. Citigroup Inc., 366 F.3d 70, 82 n.13 (2d Cir. 2004) ("any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff -- namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole"); In re Bank of America, 258 F.R.D. at 268. Lead Plaintiffs have the authority to decide what claims to assert on behalf of securities holders. Permitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional lead

counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions.

Third, while it is true that the Lead Plaintiffs have not yet asserted claims on behalf of holders of debt securities or options, they advise that they are still assessing whether to do so. Two members of the Lead Plaintiffs purchased BoA bonds and suffered significant losses -- substantially greater losses than those sustained by the Iron Workers. Lead Plaintiffs surely have incentive to bring these claims if there is a meritorious basis for doing so. Lead Plaintiffs should be given the opportunity to make this decision. See In re Lehman Bros. Sec. & ERISA Litig., 09 MDL 2017 (LAK), Pretrial Order No. 9 (S.D.N.Y. Apr. 24, 2009) (attached to Castaldo Decl. in Dornfest as Ex. 4).

Finally, the plaintiffs in Iron Workers, Dornfest, and Ciullo are free to pursue their claims as individual cases -- but not as class actions.

Iron Workers (No. 09 Civ. 10394), Dornfest (No. 10 Civ. 275), and Ciullo (No. 10 Civ. 1673) are hereby consolidated into the Consolidated Securities Actions (No. 09 MDL 2058). The motions of the plaintiffs in these three cases for appointment as lead plaintiffs and the appointment of their counsel as lead counsel are denied.

2. **Additional Individual Actions**

On March 16, 2010, Stichting Pensionfonds ABP ("ABP") filed an action against BoA and other defendants based on the

same facts and events surrounding the BoA merger with Merrill. (No. 10 Civ. 2284). ABP's action is brought as an individual action, and not as a class action. The ABP action may proceed as an individual action, related to, but not consolidated with, the Consolidated Securities Actions. ABP is directed to respond to defendants' motion to dismiss by April 23, 2010. Defendants are directed to file any reply papers by April 30, 2010.

        SO ORDERED.

Dated:    New York, New York
            April 9, 2010

                                            DENNY CHIN
                                            United States District Judge

**APPEARANCES**

Plaintiffs' Lead Counsel for Consolidated Securities Class Action:

    KAPLAN FOX & KILSHEIMER LLP
        By:  Donald R. Hall, Jr., Esq.
            Frederic Scott Fox, Esq.
            Robert N. Kaplan, Esq.
    850 Third Avenue
    14th Floor
    New York, New York   10022

    BERNSTEIN, LITOWITZ, BERGER & GROSSMAN LLP
        By:  Gerald H. Silk, Esq.
            Salvatore J. Graziano, Esq.
            Noam Mandel, Esq.
    1285 Avenue of the Americas
    New York, New York   10019

    BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP
        By:  Sean M. Handler, Esq.
    280 King of Prussia Road
    Radnor, Pennsylvania   19087

Counsel for Plaintiffs Iron Workers of Western Pennsylvania Pension Plan and MARTA/ATU Local 732 Employees Retirement Plan:

    COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
        By:  Samuel H. Rudman, Esq.
            David A. Rosenfeld, Esq.
    58 South Service Road, Suite 200
    Melville, New York   11747

Counsel for Plaintiff Charles N. Dornfest:

    BRAGAR WEXLER EAGEL & SQUIRE, P.C.
        By:  Jeffrey H. Squire, Esq.
            Raymond A. Brager, Esq.
    85 Third Avenue, Suite 3040
    New York, New York   10022

Counsel for Plaintiffs Kenneth and Joanna Ciullo:

    ZWERLING, SCHACHTER & ZWERLING LLP
        By:  Robin F. Zwerling, Esq.
            Richard A. Speirs, Esq.
            Justin M. Tarshis, Esq.
    41 Madison Avenue, 32nd Floor
    New York, New York   10010

Attorneys for Defendants:

>WACHTELL, LIPTON, ROSEN & KATZ
>     By:  Peter C. Hein, Esq.
>          Eric M. Roth, Esq.
>          Andrew Houston, Esq.
>          Jonathan E. Goldin, Esq.
>          Keola Robert Whittaker, Esq.
>51 West 52nd Street
>New York, New York  10019
>
>DAVIS POLK & WARDWELL
>     By:  Lawrence Portnoy, Esq.
>          Charles S. Duggan, Esq.
>          Douglas K. Yatter, Esq.
>450 Lexington Avenue
>New York, New York  10017
>
>DEBEVOISE & PLIMPTON LLP
>     By:  Gary W. Kubek, Esq.
>919 Third Avenue
>New York, New York  10022
>
>DECHERT LLP
>     By:  Andrew Levander, Esq.
>          David Hoffner, Esq.
>1095 Avenue of the Americas
>New York, New York  10036
>     By:  Jennie Boehm Krasner
>P.O. Box 5218
>Princeton, New Jersey  08540
>
>CRAVATH, SWAINE & MOORE LLP
>     By:  Robert D. Joffe, Esq.
>          Richard W. Clary, Esq.
>          Julie A. North, Esq.
>825 Eighth Avenue
>New York, New York  10019
>
>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>     By:  Charles E. Davidow, Esq.
>2001 K Street, N.W.
>Washington, D.C.  20006-1047
>     By:  Brad S. Karp, Esq.
>1285 Avenue of the Americas
>New York, New York  10019
>
>SULLIVAN & CROMWELL LLP
>     By:  Richard C. Pepperman II, Esq.
>125 Broad Street
>New York, New York  10004
>SHEARMAN & STEARLING LLP

Case 1:10-cv-00275-PKC   Document 22   Filed 04/09/10   Page 9 of 9

            By:   Stuart Baskin, Esq.
                  Adam S. Hakki, Esq.
                  Herbert S. Washer, Esq.
                  Terence Gilroy, Esq.
599 Lexington Avenue
New York, New York  10022

- 9 -